# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RYAN ANTHONY SALANDY, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. PWG-19-481 |
| WARDEN ALLEN GANG and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND, | * * | |
| Respondents. | * | |

***

## MEMORANDUM OPINION

Ryan Anthony Salandy filed a Petition for Writ of Habeas Corpus on February 15, 2019, challenging his 2016 conviction for second-degree murder in the Circuit Court for Montgomery County, Maryland. Pet. 10, ECF No. 1. He alleges that the indictment underlying his judgment of conviction was defective, the resulting sentence was unlawful, and his trial and appellate attorney rendered ineffective assistance. Pet. Respondents assert that the Petition raises claims that have not been exhausted and that there remains an available state court remedy for Salandy to litigate those claims. Resp., ECF No. 7. Salandy argues in part that he presented each of his constitutional claims to the Circuit Court for Montgomery County, Maryland, but the Circuit Court "defaulted" by failing to issue a show cause order. Reply 4, ECF No. 11. Because his claims are unexhausted, Salandy's Petition shall be dismissed without prejudice.

## Background

Salandy was tried and convicted in the Circuit Court for Montgomery County, Maryland, of second-degree murder. State Ct. Record 21, ECF No. 7-1. On December 19, 2016, the court sentenced him to 30 years of incarceration with all but 18 years suspended, to be followed by 5 years of probation. *Id.* at 22. Salandy noted a direct appeal to the Court of Special Appeals of

Maryland, challenging only the exclusion of "a video capturing [his] spontaneous reaction of disbelief and shock upon learning that the victim had died." *See id.* at 30. The Court of Special Appeals concluded that, if there was any error on the trial court's part in excluding the evidence, such error was harmless, and it issued a June 14, 2018 opinion to that effect and a July 17, 2018 mandate. *Id.* at 35-42. Salandy then filed a petition for a writ of certiorari, which the Court of Appeals of Maryland denied on October 3, 2018. *Id.* at 25, 43-53.

Salandy filed a state petition for a writ of habeas corpus pursuant to Maryland Rule 15-303 and Md. Code Ann., Cts. & Jud. Proc. § 3-701 on October 22, 2018 in the Circuit Court for Anne Arundel County, which transferred the case to the Circuit Court for Montgomery County. State Ct. Record 55-56. The state court denied the petition on November 26, 2018, reasoning that the Court of Special Appeals had affirmed his conviction and noting that he could bring his "allegations . . . by way of post-conviction." *Id.* at 58-59. Salandy did not file a petition for post-conviction relief in state court; rather, he filed the current habeas petition in this Court on February 15, 2019. Pet.

**Discussion**

In his Petition, Salandy claims that: (1) the indictment underlying his judgment of conviction was defective; (2) the resulting sentence was unlawful; and (3) his trial and appellate attorney rendered ineffective assistance. Pet. Before this Court may consider the merits of claims raised under 28 U.S.C. § 2254 that challenge the validity of a state court conviction, those claims must be exhausted before the state courts. *See* 28 U.S.C. § 2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). Under § 2254, "each ground for relief [is] an independent claim," and all claims in a petition must be exhausted. *Samples v. Ballard*, 860 F.3d 266, 274 (4th Cir. 2017). As this Court previously informed Salandy, the exhaustion requirement is satisfied

2

by seeking review of each claim in the highest state court with jurisdiction to consider it. *See* ECF No. 8. For a person convicted of a criminal offense in Maryland, this may be accomplished either on direct appeal or in post-conviction proceedings. Salandy filed an appeal but did not raise any of the issues he now raises in this Court.

To exhaust a claim through post-conviction proceedings, a prisoner must raise the claim in a petition filed in the circuit court where the petitioner was convicted and, if unsuccessful, must also raise the claim in an application for leave to appeal to the Court of Special Appeals. *See* Md. Code Ann., Crim. Proc. § 7-109. If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. *See* Cts. & Jud. Proc. § 12-202. However, if the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Court of Appeals. *See Williams v. State*, 292 Md. 201, 210-11 (1981).

Here, Salandy filed a state habeas petition in accordance with Md. Rule 15-302; it is not clear from the state court docket what claims he raised. But, regardless whether he raised the claims that he now presents, when the state court denied the petition, telling him that he could seek relief through post-conviction proceedings in accordance with Md. Rule 4-402, he did not file a petition for post-conviction relief or appeal the denial of his habeas petition. Thus, he did not exhaust his claims through post-conviction proceedings. *See* Crim. Proc. § 7-109. Even though he believes that the state court wrongly failed to issue a show cause order in response to his habeas petition, this Court cannot hear that claim because the state court did not have a "full opportunity to resolve" the issue. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). And, insofar as he alleges

that the indictment underlying his judgment of conviction was defective, and therefore the resulting sentence was unlawful, Salandy never filed a Rule 4-345(a) motion to raise that claim before the state trial court. As Respondents correctly note, pursuant to Maryland Rule 4-345(a), a trial court "may correct an illegal sentence at any time." Without affording the state court any of these opportunities to correct its own alleged errors, Salandy cannot raise the claims in federal court. *See O'Sullivan*, 526 U.S. at 845.

## Filing Deadline

Salandy must comply with a one-year filing deadline to file a habeas petition with this Court following exhaustion of his claims. *See* 28 U.S.C. § 2244(d).[1] Salandy is forewarned that the one-year filing deadline begins to run on the date his conviction is final. The one-year period is "tolled" during the time a properly filed post-conviction petition is pending in state court. *See* 28 U.S.C. § 2244(d)(2); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000). This means that until a properly filed post-conviction petition is filed, the one-year time limitation for federal

---

[1] This section provides:
(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

4

habeas corpus continues to run. Once post-conviction proceedings are completed through state court appellate review, whatever time is left on the one-year time limit is the period of time Salandy has to seek federal habeas corpus review.

Salandy still may exhaust his claims in state court and return to federal court. He is well within the limitations period under the Maryland Uniform Postconviction Procedure Act ("UPPA"), codified at Crim. Proc. §§ 7-101, *et seq.*, to file a post-conviction petition no later than ten years after the December 19, 2016 imposition of his sentence. Moreover, the one-year limitations period in which to file a federal habeas petition also has not yet expired as it did not begin to run until Salandy's convictions "became final by the conclusion of direct review," 28 U.S.C. § 2244(d)(1)(A), which occurred on January 1, 2019, or 90 days after the Court of Appeals of Maryland denied his petition for writ of certiorari. *See* Sup. Ct. Rule 13.1 (requiring petition for a writ of certiorari to be filed within 90 days of date of judgment from which review is sought); *see also Clay v. United States*, 537 U.S. 522, 527 (2003) ("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."). If Salandy files a post-conviction petition in state court within one year of January 1, 2019, the one-year period to file a § 2254 habeas petition in federal court will be tolled (that is, paused) so long as the post-conviction petition is pending. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").

Given these constraints, the pending petition will be dismissed without prejudice to provide Salandy adequate time and notice to comply with both the exhaustion and filing deadline

5

requirements.  Salandy will be sent forms and an information packet for filing a § 2254 petition if he decides to do so after he exhausts his remedies in state court.

## Certificate of Appealability

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).  Salandy fails to meet this standard and a Certificate of Appealability shall not issue.

## Conclusion

For the foregoing reasons, the Petition is DISMISSED without prejudice.  The Court declines to issue a Certificate of Appealability.  A separate Order shall issue.

July 15, 2019  /S/
Date  Paul W. Grimm
United States District Judge